[Civ. No. 22527.   First Dist., Div. Two.   May 12, 1966.]

THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Plaintiff and Respondent, v. HASLETT WAREHOUSE COMPANY, Defendant and Appellant.

Wallace, Garrison, Pascoe, Norton & Ray and John R. Pascoe for Defendant and Appellant.

Peart, Baraty & Hassard and David E. Willett for Plaintiff and Respondent.

SHOEMAKER, P. J.—Defendant Haslett Warehouse Company appeals from a judgment awarding plaintiff The New York, New Haven and Hartford Railroad Company the sum of $9,808.02 as freight undercharges on certain shipments of goods which were consigned to defendant.

There is no conflict in the evidence. It shows that the 21 carload shipments subject of this action were delivered to defendant during the years 1957 and 1958. Plaintiff was the originating rail carrier of the 21 carload shipments and issued the shipping documents pertaining thereto. The Atchison, Topeka and Santa Fe Railway Company was the final or

delivering rail carrier of said shipments. Defendant had no beneficial ownership in any of the shipments, which represented some 250 separate consignments, and took delivery of the 21 cars for the sole purpose of acting as a pool car distributor by unloading the cars, sorting the goods, and delivering them to a trucking carrier for beyond transportation to the ultimate consignee.

Defendant had done business with the Atchison, Topeka and Santa Fe Railway Company since 1900. During the last 30 years defendant had received approximately 500 cars per year from said railway company. During the years 1957 and 1958, the rates which pool car distributors were required to charge for their services were set forth in tariffs which were published and filed by the California Public Utilities Commission and by an association of which defendant was a member. The Atchison, Topeka and Santa Fe Railway Company maintained a file of such tariffs.

Defendant's activities were not confined to pool car distribution alone, however, and it also acted as a public warehouseman and as a common carrier. It had not given the Atchison, Topeka and Santa Fe Railway Company written notice that it was acting as an agent only with regard to the 21 cars subject of this action. It similarly had not given said railway company any notice that it would act as an agent with regard to any goods which might be sent by the particular shippers or consignors of the 21 carloads.

Upon taking delivery of the 21 cars, defendant paid in full all the charges shown on plaintiff's shipping documents. However, it was subsequently learned that said charges were incorrect, being $9,808.02 too low, and plaintiff commenced this action to recover that amount. Defendant resisted the action upon the sole ground that the above mentioned tariffs constituted sufficient written notice, under the particular circumstances of the case, to relieve defendant from liability under title 49, United States Code Annotated, section 3, paragraph (2).

It was the conclusion of the trial court that defendant had not given the notice required under the applicable statute and judgment was entered accordingly.

Section 3, paragraph (2), of title 49, United States Code Annotated, provides in pertinent part as follows: ''Where carriers by railroad are instructed by a shipper or consignor to deliver property transported by such carriers to a consignee

other than the shipper or consignor, such consignee shall not be legally liable for transportation charges in respect of the transportation of such property (beyond those billed against him at the time of delivery for which he is otherwise liable) which may be found to be due after the property has been delivered to him, if the consignee (a) is an agent only and has no beneficial title in the property, and (b) *prior to delivery of the property has notified the delivering carrier in writing of the fact of such agency and absence of beneficial title . . .*" (Italics supplied.)

Neither party has cited and research discloses no case defining the type of written notice required under the statute. However, we are convinced that the tariffs upon which defendant relies cannot, under any reasonable interpretation of the statute, be deemed to constitute sufficient notice of defendant's agency and lack of beneficial title as to the 21 carload shipments received by it.

Three of the tariffs in question were not published by defendant but by the California Public Utilities Commission. Although these tariffs do prescribe the rates which various classes of carriers shall charge for specified services, including pool car distribution, they shed no light whatever on the question of whether defendant, or any other carrier, was or was not acting as a pool car distributor at any given time with regard to any particular shipment of goods. The fourth and final tariff upon which defendant relies was published by an association of which it was a member. This tariff similarly contains a list of rates which the association members shall charge for various services, including pool car distribution, but does not undertake to indicate which of the association members do or do not engage in pool car distribution.

The above-mentioned tariffs can be deemed to have given the delivering carrier notice of only one fact: that carriers acting as pool car distributors must charge specified rates for their services. Notice of this fact obviously did not constitute notice that defendant, or any carrier subject to the tariffs, was in fact acting as a pool car distributor with regard to any particular shipment or shipments of property consigned to it.

Although defendant places some reliance upon the past course of dealings between it and the delivering carrier, it must be remembered that defendant's activities were not confined to pool car distribution alone, and there was accordingly no showing that the delivering carrier had reason to believe that defendant received each and every shipment delivered to

it as an agent only. In any event, the statute relied upon requires written notice. We must presume that if the Legislature had intended that other forms of notice would also suffice, it would have included language to that effect.

Judgment affirmed.

Agee, J., and Taylor, J., concurred.